UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 15-cv-3318-SLD |
| ) | |
| JEFFERY KORTE, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW-AMENDED COMPLAINT**

Plaintiff, proceeding pro se, files an amended complaint alleging excessive force, retaliation, an unconstitutional strip search and failure to intervene at the Western Illinois Correctional Center ("Western"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-Defendants-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's original complaint arose from an April 12, 2014 "Orange Crush" tactical team operation at Western in which teams from six prisons participated. The complaint stated claims of excessive force by Defendant Myers and Doe Defendants #3, #4 and #5; and retaliation by Defendants Mountain, Rine, Albert, Miller and Dodds.[1] The Court notes that Doe

---

[1] Plaintiff has newly identified Doe Defendant #3 as K. Evens and Doe Defendant #4 as B. Habrich. Doe Defendant #5 remains unidentified.

1

Defendant #6 was dismissed at merit review though this is not reflected in the case caption. Defendants Korte and Goins were dismissed for Plaintiff's failure to plead their personal participation.

Plaintiff's amended complaint realleges excessive force by Defendant Myers as well as former Doe Defendants Evens and Habrich. Plaintiff also reasserts an excessive force claim against the still unidentified Doe Defendant #5, who allegedly dug his fingers into the pressure points behind Plaintiff's ears while transporting him.

The excessive force claims against Defendants Myers, Evens, Habrich and Doe #5 will proceed. The names "K. Evens" and "B. Habrich" are to be added to the caption in place of Doe #3 and Doe #4. Plaintiff is advised that it is his responsibility to identify Doe Defendant #5.

Plaintiff also alleges that Defendants Evens and Habrich stripped him naked, though he offered no resistance. Plaintiff claims that Defendants laughed at him and dragged him naked through the facility where he was seen by female personnel. A strip search which is maliciously motivated, unrelated to institutional security, and without penological justification violates the Constitution. *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). *See also*, *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (the Constitution forbids punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering.") citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Plaintiff's allegations as to the strip search will go forward as to Defendants Evens and Habrich, but as an Eighth Amendment claim rather than the Fourth Amendment claim asserted.

Plaintiff realleges failure to intervene against Warden Jeffrey Korte, and asserts this claim for the first time against Sergeant Robert Adams. Defendant Korte had originally been dismissed for Plaintiff's failure to allege his personal participation in the infringement. Plaintiff

now claims that Defendants Korte and Adams were present, witnessed the abuse and failed to stop it.  To be liable for failure to intervene, a Defendant must be aware that excessive force was being used and have had a realistic opportunity to intervene to prevent the harm.  *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005), citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  Plaintiff has alleged enough to state an Eighth Amendment claim for deliberate indifference as to Defendants Korte and Adams.  Warden Korte is to be reinstated and Robert Adams is to be added as a Defendant.

Plaintiff has also named 42 additional Defendants, from six other prisons, who were part of the tactical team.  Plaintiff identifies them by name but alleges no individual allegations that they witnessed the abuse and failed to intervene.  As indicated, a Defendant is not liable for failing to intervene unless he was aware of the use of excessive force and had a realistic opportunity to intervene to prevent the harm.  *Abdullahi* at 774.  It appears that Plaintiff attempts to assert that all tact team officers in the facility were liable for failing to intervene.  He does not plead sufficient facts, however, to establish that any of these 42 individuals witnessed the use of force, had a realistic opportunity to intervene, and failed to do so.  These Defendants are DISMISSED.

Plaintiff reasserts the claim that Defendants Mountain, Rine, Albert, Dodds and Miller harassed and threatened him in retaliation for his filing grievances.  This claim will go forward as well as the excessive force claims against Defendants Myers, Evens and Habrich; the claims of unconstitutional strip search against Defendants Evens and Habrich, and the failure to intervene claim against Defendants Korte and Adams.  Doe Defendant #6 and the 42 newly named Defendants are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claims against Defendants Myers, Evens and Habrich; the unconstitutional strip search by Defendants Evens and Habrich; the failure to intervene by Defendants Korte and Adams; and retaliation by Defendants Mountain, Rine, Albert, Dodds and Miller. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. K. Evens and B. Habrich are to be substituted for Doe Defendants #3 and #4. Doe Defendant #6 and the 42 newly named Defendants are DISMISSED. Defendant Korte is to be reinstated and Defendant Robert Adams is to be added as a Defendant.

3. The Clerk is directed to send waivers of service to Defendants Korte and Adams.

   7/28/2017                                           s/ Sara Darrow
ENTERED                                             SARA DARROW
                                                        UNITED STATES DISTRICT JUDGE